175 So.2d 526 (1965)
Robert MARKHAM, as Tax Assessor of Broward County, Florida, Appellant,
v.
Bruce BLOUNT, individually and as a Representative of a Class of Taxpayers in Broward County, et al., Appellees.
No. 33267.
Supreme Court of Florida.
May 21, 1965.
*527 R. Regis Reasbeck, W. Hollywood, for appellant.
A.J. Musselman, Jr., Pompano Beach, for appellee Bruce R. Blount.
Earl Faircloth, Atty. Gen., Fred M. Burns and William R. Phillips, Asst. Attys. Gen., for appellee Ray E. Green.
PER CURIAM.
Appellant herein filed suit in the Circuit Court for a declaratory decree construing allegedly conflicting provisions of laws governing the assessment of agricultural lands for taxation. Bruce Blount, a farmer and owner of agricultural lands in Broward County, individually and as representative of a class of residents and taxpayers in the county, and Ray Green, as Comptroller of the State of Florida, were named defendants.
The complaint alleged that conflict arises by virtue of the directives of Florida Statutes §§ 193.11(3) and 193.021 and 193.11 (1). Section 193.11(3) provides in part as follows:
"[T]his subsection shall not be construed, interpreted, or applied so as to permit lands being used for agricultural purposes to be assessed other than as agricultural lands and upon an acreage basis."
Section 193.021 creates a measure of valuation designated "just valuation" which replaces the former standard of true or full cash value, and provides seven criteria for determining just value which may be summarized as present cash value, highest and best future use and present use, location, quantity or size, cost, condition, and income.
Section 193.11(1) provides in part:
"The County assessor of taxes shall assess all property on the basis provided in § 193.021. [Florida Statutes]"
The complaint alleged that if the plaintiff assessor used the factors provided in Section 193.021 for all lands in Broward County, as directed by Section 193.11(1), he would be in conflict with Section 193.11 (3) which prohibits the assessment of agricultural lands other than as agricultural and upon an acreage basis.
The Circuit Court entered summary final decree holding, inter alia, that Florida Statute § 193.11(3), F.S.A. is constitutional and that the Statutes in question are not in conflict with each other. The Court in its decision stated:
"The Court finds, determines and declares that Section 193.021 creates a measure of valuation for real and tangible personal property for the purposes of ad valorem taxation of `just value,' replacing the prior requirement that such property be assessed at its true or full cash value. The court further finds, determines and declares that said formula for `just valuation' contained in Section 193.021, Florida Statutes, is consistent with the legislative duty to provide a formula for the determination of just valuation, required by Section 1, Article IX, of the Florida Constitution. The court further finds, determines and declares that there is little, if any, difference in law between `true cash value', `full cash value', `just value' and words of like or similar import; * * * that insofar as Section 193.11(3), Florida Statutes, is concerned, it controls the assessment of agricultural land therein, *528 described as lands `being used for bona fide farming, pasture, grove or forestry operations,' within the purview of the opinion of the Supreme Court of Florida in the case of Tyson vs. Lanier, Fla. 1963, 156 So.2d 833, and specifically means that the just valuation of such lands is to be determined from their bona fide use as such farming, pasture, grove or forestry operations, as contemplated by Subsection 3 of Section 193.11, Florida Statutes, and not their value for collateral and other unlimited purposes, not of an agricultural nature. In reading the factors of `just valuation' prescribed by Section 193.021 for agricultural property, the agricultural factor must be taken into account as the only factor in each instance, concerning agricultural land. For example, the factor described in Subsection 1 of 193.021 of `the present cash value of the property' as to agricultural property would be read and interpreted as if it stated `the present "agricultural" cash value of the property,' and so on through the remaining six criteria or factors of value described in said Section 193.021, Subsections (1) through (7), both inclusive. * * * that 193.11(3), Florida Statutes, applies as read with Section 193.021, Florida Statutes, and that both of said statutes should be complied with by the plaintiff in making up the Assessment Roll for the year 1964 as far as property used exclusively for agricultural purposes is concerned, and that as far as all other real and tangible personal property is concerned, the Plaintiff should use only the provisions of Section 193.021 and other applicable statutes in determining the just valuation thereof. The Court finds, determines and declares that it does not matter if the value of a specific piece of agricultural property would be higher if assessed in accordance with the criteria provided in Section 193.021 only, but the Plaintiff must nevertheless assess agricultural lands at only their value for agricultural use, and must take no other factors into consideration."[1]
The Chancellor's conclusion harmonizes with our landmark decisions touching statutory construction. In Howarth v. City of DeLand[2] this court held:
"The courts, in construing a statute, must, if possible, avoid such construction as will place a particular statute in conflict with other apparently effective statutes covering the same general field. Curry v. Lehman, 55 Fla. 847, 47 So. 18. Acts in pari materia should be construed together. Curry v. Lehman, supra; State [ex rel. Loftin] v. McMillan, 55 Fla. 246, 45 So. 882. And where the courts can, in construing two statutes, preserve the force of both without destroying their evident intent, it is their duty to do so. State [ex rel. Atty. Gen.] v. Givens, 48 Fla. 165, 37 So. 308; City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509. Chapter 11466, Acts of 1925, did not expressly call attention to and repeal chapter 9735, Acts of 1923, and repeal by implication is not favored. Florida East Coast R. Co. v. Hazel, 43 Fla. 263, 31 So. 272, 99 Am.St.Rep. 114."
This court in Palmquist v. Johnson[3] held it was the duty of the Court, in construing apparently conflicting statutes, to find a reasonable field of operation which may preserve the force and effect of each statute. In Curry v. Lehman,[4] the court held "It is to be presumed that different acts on the same subject passed at *529 the same session * * * should be construed each in the light of the other."
Accordingly, the final decree appealed from is affirmed.
ROBERTS, THORNAL, CALDWELL, ERVIN and HOBSON (Retired), JJ., concur.
DREW, C.J., dissents with opinion.
THOMAS, J., dissents.
DREW, Chief Justice (dissenting).
I dissent for reasons stated in my dissent in Lanier v. Overstreet, Fla., 175 So.2d 521, filed May 21st, 1965.
NOTES
[1] See also, Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); Lanier v. Overstreet, Fla. 175 So.2d 521. Opinion filed May 21, 1965, upholding validity of Fla. Stat. § 193.11(3).
[2] 117 Fla. 692, 701, 158 So. 294, 298 (1934).
[3] 41 So.2d 313, 314 (Fla. 1949).
[4] 55 Fla. 847, 854; 47 So. 18, 21 (1908).