JOHNSON, Judge
(dissenting.)
I encounter difficulty in concurring in the majority opinion of this court for the following reasons:
We find that the Florida Constitution, in Article IX, Section I, requires the Legislature to “provide for uniform and equal rate of taxation * * * and prescribe such regulations as shall secure just valuation of all property.” (Emphasis added.)
The Legislature has met this constitutional mandate of prescribing such regulations *353 as shall secure just valuations by the enactment of F.S. Sections 192.31(1) F.S.A. and 193.021 and 193.11(3) F.S.A., along with other directives not material to this decision.
In Section 192.31(1) the Legislature authorized and directed the State Comptroller, in order to get a uniformity of assessments among the counties, inter alia, to promulgate standard measures of values to be used by the assessors in arriving at assessments of property, which standard measures of' value would be deemed and held prima facie to be the standard measures of just valuation contemplated by the Constitution in matters of taxation, and that the assessors and county boards of equalization should follow and apply such standard measures of value in arriving at assessments. F.S. Section 192.31, F.S.A. further provided that the burden shall be upon any assessor or county board of equalization refusing to follow such standard to overcome the presumption by a preponderance of the evidence. Pursuant to this statutory mandate, such regulations were promulgated by the Comptroller and approved by the State Budget Commission in 1959. The ap-pellee, Long, Tax Assessor, admits that he has not looked at such manual of instructions nor followed the same for a long time. The question of the revised or amended regulations issued later in 1963 or 1964, not having been approved by the Budget Commission as provided F.S. Section 192.31 (1), F.S.A., is immaterial at this point, because the assessor did not use either the approved or unapproved manual of regulations.
In fact, the assessor stated on direct examination that he used the comparable sales method, that of a willing buyer and a willing seller, where neither is under compulsion. The examples of sales he used are for small acreage except for one parcel, and no effort was made to determine whether or not these sales were for timber growing purposes or not and the size of the acreage indicated not. He has completely ignored the seven criteria laid down by the Legislature in Sections 193.021 and 193.11(3).
The witness Hudson, for the tax assessor, testified as to what he thought was the correct value, but these were not used by the assessor in making his assessments. These values were worked up after these suits were filed in order to boister the correctness of the assessments.
In these cases, the plaintiffs not only claimed that the assessments were arbitrary, discriminatory or excessive, but that the defendant tax assessor had not followed the statutory direction for arriving at his assessed valuations. I agree with the plaintiffs in this last contention, based upon the testimony of the tax assessor himself, and by which he is bound. The fact that in answer to a question from his attorney as to whether he had taken into consideration all seven of the criteria his simple answer of “yes” does not constitute the proof necessary that he did in view of his further statement that he used the willing buyer and willing seller method. The trial court even found this latter statement to be true.
The trial court stated in his final judgment that under these circumstances, the plaintiffs cannot shift the burden to the assessor to justify his assessments. I think the court meant by “these circumstances” the fact that the manuals from the Comptroller’s Office had not been approved by the Budget Commission; but, he completely ignored the fact that the 1959 manual was so approved, and Section 192.31 directed the assessor to use this, and when challenged as to his assessments the burden would be on him to overcome the presumption.
The Supreme Court of Florida in Markham v. Blount, 175 So.2d 526, approved a final decree of the circuit court wherein the court said: “ ‘ * * * the just valuation of such lands is to be determined from their bona fide use as such farming, pasture, grove, or forestry operation, as contemplated by Subsection 3 of Section 193.11 Florida Statutes, and not their value for col *354 lateral and other unlimited purposes, not of an agricultural nature. * * * The Court finds, determines and declares that it does not matter if the value of a specific piece of agricultural property would he higher if assessed in accordance with the criteria provided in Section 193.021 only, but the Plaintiff (assessor) must nevertheless assess agricultural lands at only their value for agricultural use, and must take no other factors into consideration.’ ” (Emphasis added.)
It is my opinion that where the tax assessor uses as his primary basis for arriving at a just valuation the formula of a willing buyer and a willing seller, neither being under compulsion to act, without proof that the comparable sales were for the same agricultural purposes, he is going contrary to the Supreme Court in Markham v. Blount, supra. It appears to me also that the major factor to be used at arriving at just valuation for agricultural uses, must necessarily be that of the income capitalization theory, but not to the exclusion of the other factors provided by law. The appel-lees failed to prove by competent evidence that this proceeding was followed in the case sub judice.
The assessment provided in Section 193.-22(1) has been superseded or at least modified in its application so as to afford compliance with the later statutory provisions as to agricultural lands, as shown in F.S. Section 193.11(3), F.S.A.
I am aware of the decisions that the assessments of a tax assessor are prima facie correct, but I don’t believe this prima facie correctness is true if the assessor failed to comply with the law, as he admitted, and the burden is still on the assessor.
I can’t agree with the conclusion reached by the chancellor nor by the majority of this court, inasmuch as I think the assessor has fixed an arbitrary figure without due regard to the statutory criteria for assessing these agricultural lands, but at the same time, I do not think the plaintiffs have offered a proper valuation when only the capitalization of the net income is used. True, the plaintiff’s witness did show to some extent how they took into consideration about five of the seven criteria laid down by statute. This is not enough, but when the assessor has failed to carry the burden to show that his valuations were based upon the instructions and standard of values method at arriving at just valuation of lands for agricultural use, then I think it is incumbent upon the assessor to show just what the valuations would be if all seven of the criteria provided by statute and the directions of the Comptroller’s 1959 manual were used in arriving at his valuation, when he has done this, by proof other than a mere statement that he has, then and only then, do I think the plaintiffs are called upon to prove the excessive or erroneous valuations, and, as pointed out, the trial judge in giving some gratuitous advice to the assessor to follow in the future, I offer, also gratuitously, advice to the plaintiffs and parties similarly located as well as the assessors, that they too devote more time and effort toward application of all seven criteria of the statute, and they too, may come up with a different valuation.
It is my opinion that the assessor having failed to prove the validity of his assessments, and the plaintiffs having failed to properly establish the correct value, that this court is almost duty bound to remand this case to the lower court and give each party another chance to prove this case. Upon such remand, with cooperation between the tax assessor and the property owners, applying the statutory directives to the information now available to both, I believe a proper assessed valuation can be arrived at. It may be by some strange coincidence that the valuation so reached may be the same as found by the assessor, but more likely it will be some figure between that fixed by the assessor and the one suggested by the property owner. To let the trial court’s decision stand and the opinion of the majority of this court to place its stamp of approval thereon, appears to me to be creating even more confusion in the law *355 than ever, and in fact, practically render meaningless Section 192.31, F.S. and Sections 193.03 and 193.021.
For these reasons, I cannot give my approval to the well written opinion, but I think erroneous interpretation of the law, as determined by the majority.