## PALM BEACH DAIRIES, Inc., et al v. TAX ASSESSOR, et al.
### No. 65-C-2408.

Circuit Court, Palm Beach County.

February 11, 1969.

Blank & Davis, West Palm Beach, for plaintiffs.

Ronald Sales, West Palm Beach, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiffs, owners of various agricultural tracts in the Lake Worth Drainage District, Palm Beach County, challenge the valuation of their lands for ad valorem tax assessment purposes, contending that in fixing the values the tax assessor did not follow the directions in §§193.021 and 193.11(3), Florida Statutes. Parts of the lands are used as pasture for cattle and parts are used for row crops, but it is not contended that this in itself should be a basis for difference in valuation. The values of the

buildings on the property are not in dispute. The assessed valuations of the different tracts range from $800 to $2,000 per acre. The valuations contended for by the taxpayers range from $285 to $435 per acre.

A central issue is presented as to whether the assessment figures in question were inflated because of undue emphasis on the market value of comparable tracts in the same vicinity used for other than agricultural purposes.

The judgment and opinion rendered by Circuit Judge Joseph S. White in the case of Davis Dairy Farms v. Maxwell (No. 66-C-3157), recently pending in this court, involved principles which are applicable here. The court observed in that case —

> The lands are located in an area which is strongly affected by speculative buying. The rapid development of rural lands for urban use which has taken place in Dade and Broward counties has been extending into the south end of Palm Beach County at a rapid rate for a number of years, and as a result the buying of lands in the general vicinity of those in question has created values having speculative characteristics. Such values must be segregated and eliminated when assessing agricultural lands for ad valorem taxes. See Markham v. Blount, Fla. 1965, 175 So.2d 526. In attempting to arrive at valuations of such lands for tax purposes by reference to recent sales of other lands, one encounters difficulty unless this fact is kept in mind.
>
> Unquestionably, the tax assessor has made a conscientious and painstaking effort to arrive at a just valuation as defined by law. However, the record supports the view that he has attached a disproportionate weight to sales factors and, as a result, speculative values, prominently identified with the area, are reflected in the assessment. This becomes apparent when comparison is made with rental values of lands in the vicinity for agricultural purposes. It seems, too, that the fact is corroborated by considering that a valuation has been placed upon the portion of plaintiff's pasture, which lies adjacent to "Military Trail," of $1,500 per acre, whereas parts of the same pasture further back have been valued at $1,000 per acre.
>
> It is likely that if plaintiff should place the lands upon the open market for sale for all available uses they would bring such a price. However, this cannot be the criteria since the lands are used solely for agricultural purposes. The lands near the highway are of no greater value than those further back for the grazing of cattle and the production of milk.

As stated in Markham v. Blount, supra, the tax assessor must assess agricultural lands "at only their value for agricultural use, and must take no other factors into consideration."

The income-producing ability of agricultural land is an important factor in determining its value. In the case of St. Joe Paper

Co. v. Brown, Fla., 210 So.2d 725, headnote 4 summarizes this principle as follows —

> Income is not only a proper measure of value of agricultural lands, but when taken together with other statutorily enumerated criteria, it should be given great weight because of its peculiarly influencing effect as to the value of agricultural lands.

The court finds that in fixing the valuations in the present case the tax assessor placed practically exclusive reliance on the cash value of the lands as shown by market data, without taking into consideration the important income factor and the other required criteria, and that the assessed valuations are invalid.

The taxpayers have failed to furnish satisfactory alternatives as to valuations. It thus becomes the duty of the court to determine the correct values based on the criteria established by the statute.

The court finds the just values of the agricultural lands involved in this suit, exclusive of buildings, to be as hereinafter set forth —

| Name of taxpayer: | Quantity of land in acres: | Assessed value per acre challenged: | Court's finding of value per acre: |
| --- | --- | --- | --- |
| Palm Beach Dairies, Inc. | 370.87 | 26 @ $1,000; 344.87 @ $1,200 | 26 @ $650; 344.87 @ $750 |
| Weaver Dairies, Inc. | 799.88 | 701.3 @ $2,000; 58.58 @ $1,200; 40 @ $1,000 | 701.3 @ $800; 58.58 @ $750; 40 @ $650 |
| Double "S" Cattle Company, Inc. | 977.38 | $800 | $640 |
| Pearl Melear | 603.16 | $1,000 | $700 |
| Donald H. Bell, et ux. | 1036.04 | $800 | $485 |
| Oscar R. Winchester | 779.36 | 439.36 @ $1,000; 180 @ $800; 160 @ $2,000 | 439.36 @ 625; 180 @ $500; 160 @ $650 |
| James A. Winchester, et al. | 658.31 | 460 @ $800 198.31 @ $1,000 | 460 @ $500 198.31 @ $600 |

Because plaintiffs have paid the taxes due pursuant to the challenged assessments, it is ordered and adjudged that a refund of taxes paid by plaintiffs shall be made according to the findings hereinabove set forth.

In consideration of the fact that plaintiffs have received some of the relief requested, it is the determination of the court that each of the parties shall bear his own costs.