277 So.2d 815 (1973)
ATLANTIC RICHFIELD COMPANY, Appellant,
v.
R.R. (Bob) WALDEN, As Tax Assessor of Hillsborough County, Florida, et al., Appellees.
Nos. 72-1016, 72-1017.
District Court of Appeal of Florida, Second District.
May 16, 1973.
Rehearing Denied June 12, 1973.
Marvin E. Barkin, of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellant.
Brooks P. Hoyt, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee R.R. (Bob) Walden, as Tax Assessor.
MANN, Chief Judge.
Atlantic Richfield claimed entitlement to agricultural assessment of an extensive tract in southeast Hillsborough County which its predecessor had purchased as a phosphate reserve. It is conceded that the present bona fide use of the property is as a cattle ranch, and that its lessee uses the land pretty much as his in-laws, the former owners, used it. The trial judge denied the relief sought on authority of Walden v. Borden Co., Fla. 1970, 235 So.2d 300. We think the crucial factor in that case is missing in this one. There the Supreme Court held that there was sufficient evidence that the agricultural use was not primary, as the statute requires, and overturned *816 a summary judgment in the taxpayer's favor. The Borden Company's lands were peripheral to an existing phosphate operation, and its lease excluded damages on account of injury done the lessee's agricultural operations by the lessor's industrial ones. Thus Borden stands for the proposition that a peripheral area necessary to the operation of a mine could make the agricultural use of that land secondary to the industrial purpose. If that is the case, a finding of primary agricultural use is unwarranted.
This case involves land which has never been mined, and an owner whose intention to mine it was never carried out. That the land was acquired with the thought of mining it does not negate the bona fides of an agricultural use any more than does the anticipation of speculative profits. The case is therefore controlled by Greenwood v. Oates, Fla. 1971, 251 So.2d 665. See also Hausman v. Rudkin, Fla.App. 4th 1972, 268 So.2d 407, and cases therein cited.
Reversed and remanded.
LILES and HOBSON, JJ., concur.