QUESTION: Is the Division of Youth Services required to comply with subsections (2) and (3) of s. 255.25, F.S., in leasing facilities in privately owned buildings for halfway houses?
SUMMARY: Under s. 255.25(2) and (3), F.S., as amended by Ch. 7570, Laws of Florida, a proposed lease by the Division of Youth Services of 5,000 or more square feet of space in a privately owned building for a halfway house should be approved by the Division of Building Construction and Property Management and submitted to competitive bidding. Subsection (2) of s. 255.25, F.S., as amended by Ch. 75-70, Laws of Florida, provides that No state agency shall lease a building or any part thereof for state use unless prior approval of the lease conditions and of the need therefor is first obtained from the division of building construction and property management. And subsection (4) of s.255.25, added by Ch. 75-70, prohibits the Division of Building Construction and Property Management from authorizing a state agency to lease space in a privately owned building "when suitable space is available in a state-owned building located in the same geographic region" unless the use of the privately owned space is adequately justified in writing by the requesting agency. You state that, as the halfway houses in question have been specifically provided for by the Legislature, it would seem that no additional need has to be demonstrated. Your statement apparently has reference to the fact that an item for halfway houses appears in the proposed legislative budget of the Department of Health and Rehabilitative Services submitted in accordance with the requirements of ss. 216.023 and 216.162, F.S. Thus, even assuming that the number of positions and the funds necessary to finance the facilities in question, as shown in the department's legislative budget, were included in the total positions and funds appropriated by the 1975 Appropriations Act, Ch. 75-280, Laws of Florida, to the department for its Bureau of Group Treatment (Items 520-524, Ch. 75-280), the mere fact that the proposed facilities were so included would not have the effect of amending the substantive law relating to the leasing of privately owned property by a state agency. Even the appropriations act itself cannot validly undertake to amend substantive law. See Art. III, s. 12, State Const.; Thomas v. Askew, 270 So.2d 707 (Fla. 1972). A fortiori, an agency's proposed legislative budget can have no such effect. See s. 216.321, F.S., specifically providing that Nothing contained in any legislative budget or operating budget shall be construed to be an administrative or legislative construction affirming the existence then of the lawful authority to make an expenditure or disbursement for any purpose not otherwise authorized by laws of the particular agency or legislative branch and the general laws relating to the expenditure or disbursement of public funds. The contention in this respect cannot, therefore, be sustained. Subsection (3) of s. 255.25, supra, was added by Ch. 75-70, supra, and provides that No state agency shall enter into a lease as lessee for the use of 5,000 square feet or more of space in a privately owned building except upon advertisement for and receipt of competitive bids and award to the lowest and best bidder. This argument made here is that the competitive bidding requirement of s. 255.25(3) applies only to office space and not to custodial facilities of the type here in question. It is true that s.255.249, F.S. (also added by Ch. 75-70), vests in the Division of Building Construction and Property Management the responsibility and authority for the "custodial and preventive maintenance, repair, security, and allocation of space of all state-owned office buildings," as defined in s. 255.248 of the act, and that "custodial facilities and institutions used primarily for the care, custody or treatment of wards of the state" are specifically excluded from the definition of "state-owned office buildings" made therein. (Emphasis supplied.) And I am cognizant of the rule of statutory construction, relied on by you, that statutes in pari materia should be construed together so as to avoid any apparent inconsistencies between them. Markham v. Blount, 175 So.2d 526
(Fla. 1965). But I find no inconsistency between a statute vesting in the Division of Building Construction and Property Management the responsibility for custodial and preventive maintenance and space allocation in state-owned office buildings and one requiring all state agencies to solicit bids when proposing to lease 5,000 or more square feet of space in a privately owned building. It might be noted also that the title to Ch. 75-70, supra, does not indicate that the competitive bidding requirements prescribed by s. 255.25(3), supra (which, as noted above, was created by the 1975 act), are limited to leases of office space, although it does specifically state that it provides, among others, "for the division [of building construction and property management] to assume management of state-owned office buildings, as defined in this act . . . ." Finally, I am advised that, in carrying out its duty to adopt rules and regulations providing procedures "for soliciting and accepting competitive proposals for leased space of 5,000 square feet or more in privately owned buildings and for evaluating the proposals received," as mandated by paragraph (2)(b) of s. 255.249, supra, the Division of Building Construction and Property Management has interpreted the statute as relating to leases by state agencies of all space of the stated footage in privately owned buildings, and not just office space. As you know, the administrative interpretation of a statute by the administrative agency charged with the duty of enforcing it is entitled to great weight and will not be overturned by the courts except for the most cogent reasons and where clearly erroneous. Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952). In these circumstances, it must be concluded that the Division of Youth Services should comply with the competitive bidding requirement of s. 255.25(3), supra, as well as the mandate of s. 255.25(2), supra, requiring approval by the Division of Building Construction and Property Management of the proposed lease by a state agency of "a building or any part thereof."