422 So.2d 349 (1982)
THE GLADES, INC., a Florida Corporation; Connie Hubschman and Samuel Hubschman, Trustees, Appellants,
v.
Sam J. COLDING As Property Appraiser for Collier County, and Guy Carlton, As Tax Collector for Collier County, Appellees.
No. 82-332.
District Court of Appeal of Florida, Second District.
November 24, 1982.
*350 Lawrence A. Farese of Cummings & Lockwood, Naples, for appellants.
John M. Hathaway, Punta Gorda, for appellees.
CAMPBELL, Judge.
The Glades, Inc., a Florida condominium development corporation, and its trustees, Connie and Samuel Hubschman, appeal that portion of the final judgment which denied them an agricultural tax classification on portions of their property. We affirm in part and reverse in part.
The Glades, Inc., owns 8.2 acres of land known as the Yellow Area. The Hubschmans own a 2.3 acre tract called the Green Area, and a 66.02 acre tract known as the Red Area. The Red Area is subdivided into Parts I, II and III. The Hubschman family purchased these tracts in 1965 for approximately $1200 an acre. Before, and at the time of the purchase, the tracts had been used primarily for agricultural purposes.
The Yellow Area was sold in 1972, but in 1979, the Hubschmans reacquired it through The Glades, Inc., as part of an expansion of the Glades Nursery  their retail and wholesale nursery operation. Prior to 1972, the Yellow Area was subdivided and a cul-de-sac which gave road access into the property was constructed.
The Glades Nursery began operations in 1968 on property known as the White Area. It abuts the Yellow Area to the east. During the 1970's, the nursery began cultivating thousands of exotic plants and trees, and as the nursery continued to grow, the owners planted coconut trees and other plants in the Red Area. They planted the Green Area in 1976. When The Glades, Inc., acquired the Yellow Area in 1979, the corporation installed a sprinkler system and then planted a variety of plants in that area.
The property owners received an agricultural tax classification on Red Area I from 1974 through 1979, and received similar classifications on Red Area II, and the Green Area, for 1977-1979. Red Area III received a like classification in 1979. Only the Yellow Area has not received such a classification.
In 1980, pursuant to section 193.461(3)(a), Florida Statutes (1979), the property owners filed a return and application for agricultural classification of lands with the Collier County property appraiser. On July 9, 1980, the appraiser denied agricultural classification. The property owners appealed to the Collier County Property Appraisal Adjustment Board, but the board upheld the denial. In 1981, they again filed for an agricultural property classification and were again denied. They then sought relief in the circuit court.
In his final judgment, the trial judge found, pursuant to section 193.461(3)(b), Florida Statutes (1979), that based on all the evidence presented, "the Glades Nursery is in fact a bona fide commercial agricultural operation." He found specifically that Red Areas I and II and the Green and Yellow Areas had been in good faith continuously so used. The court then upheld denial of agricultural classification for Red Area III and for the Yellow Area.
The court found that Red Area III did not contain a sufficient number of plants to qualify as bona fide agricultural *351 use. There is evidence to sustain this finding because frequent flooding of this low-lying area prevents its full use and plants are only sparsely scattered in this area. We, therefore, affirm that portion of the final judgment upholding the denial of an agricultural tax classification for Red Area III.
The trial judge upheld the denial of agricultural tax classification for the Yellow Area for the following reasons:
(1) a road and cul-de-sac exists leading in to the property, as part of a platted subdivision, and therefore the property appears suitable for immediate development; and (2) this parcel has not had the history of agricultural use that the other properties in question have had. And the high purchase price reflects that of developed land.
Given his previous specific finding in accordance with the statute that the Yellow Area had been continuously used in good faith for agricultural purposes since its reacquisition in 1979, these reasons are insufficient to support a denial of an agricultural tax classification for the Yellow Area. Once the court finds a bona fide good faith agricultural use pursuant to section 193.461(3)(b), the prior or future use of the land is irrelevant. See Fisher v. Schooley, 371 So.2d 496 (Fla. 2d DCA 1979). The purchase price of land is one of the factors listed in section 193.461(3)(b) to be used in determining whether or not that land is being used primarily for a bona fide good faith agricultural purpose. Once that determination is made, the purchase price is no longer important. Therefore, having made the initial finding of a bona fide good faith agricultural use, the trial judge erred in considering the possible future development of the Yellow Area, in considering its brief history of agricultural use, and in considering its purchase price.
We note finally that the property owners filed a motion to tax costs in this action. We deny this motion because of our disposition of this appeal.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
OTT, C.J., and SCHOONOVER, J., concur.