PER CURIAM.
Affirmed.
Under the facts of this case we do not conclude that the trial court erred in finding that appellee’s land should be classified as agricultural for ad valorem tax purposes. It was undisputed that the land was being used agriculturally, albeit under lease. See Fisher v. Schooley, 371 So.2d 496 (Fla. 2d DCA 1979). The land had been classified as agricultural pursuant to court order for the three preceding tax years after litigation of substantially the same issues now raised by the property appraiser involving appellee’s plans and preparations for a nonagricultural use of the land. No subsequent substantial change was shown to have occurred in the use of the land for the subject tax year. That some of the land which had been involved in that prior litigation had been subsequently removed from agricultural classification did not mean that the remainder which is involved here became ipso facto nonagricultural. See Straughn v. K & K Land Management, Inc., 347 So.2d 724 (Fla. 2d DCA 1977).
We also do not conclude that the trial court erred in providing in the final judgment that the agricultural classification should apply to the appellee’s entire fee interest and not simply to its interest in *679 the surface of the land. Section 193.-461(6)(a), Florida Statutes (1977), provided, “In years in which proper application for agricultural assessment has been made and granted pursuant to this section, the assessment of land shall be based solely on its agricultural use.” (Emphasis added.) See Markham v. Blount, 175 So.2d 526 (Fla.1965). We conclude that the appraiser’s well-presented argument to the contrary involving other provisions of chapter 193 is more appropriately addressed to the legislature.
DANAHY, A.C.J., and LEHAN and FRANK, JJ., concur.