487 So.2d 40 (1986)
RIDGEWOOD PHOSPHATE CORPORATION and International Minerals & Chemical Corporation d/b/a Four Corners Mine, Appellants,
v.
Frank PERKINS, As Property Appraiser of Manatee County and Sam Cornwell, As Tax Collector of Manatee County, Appellees.
No. 85-1674.
District Court of Appeal of Florida, Second District.
March 12, 1986.
Rehearing Denied April 17, 1986.
*41 Brooks P. Hoyt and Ellen J. Neil, of Holland & Knight, Tampa, and David K. Deitrich, of Dye, Scott & Deitrich, P.A., Bradenton, for appellants.
Donald B. Hadsock, Bradenton, for appellee Perkins.
Michael M. Hamrick, Bradenton, for appellee Cornwell.
SCHEB, Acting Chief Judge.
Appellants Ridgewood Phosphate Corporation and International Minerals & Chemical Corporation (Ridgewood) challenge a final judgment which upheld the county property appraiser's denial of their request for agricultural classification for 1984 ad valorem tax purposes. We reverse.
Ridgewood, a joint venture, owned about 4,812 acres of land in Manatee County, 2,369 of which could be used in mining activity pursuant to a county permit. As authorized by section 193.461(3)(a), Florida Statutes (1983), Ridgewood filed a timely application with the county for an agricultural classification for the other 2,443 acres for 1984.
The property appraiser denied the application for agricultural classification. The appraiser determined that the primary use of the land was for mineral extraction, processing, distribution, and support and monitoring facilities. The Property Appraisal Adjustment Board affirmed the appraiser's decision.
As a result, Ridgewood filed a complaint with the trial court. The court conducted a de novo proceeding as required by section 194.036(3), Florida Statutes (1983). At trial, Ridgewood reduced its agricultural claim to 1,804 acres used by Ridgewood's lessee for grazing cattle. The trial court upheld the appraiser's denial of agricultural classification. Ridgewood's timely appeal ensued.
We think the trial court erred. The evidence adduced at trial revealed the following facts. The leased land was zoned as agricultural land with a mineral extraction overlay. It contained three or four water quality monitoring devices pursuant to the requirements of Florida Administrative Code Rule 16C-16 and other state and federal requirements. On December 27, 1977, the Manatee County Board of County Commissioners had approved a development of regional impact (DRI) order providing for phased mining of Ridgewood's property. At trial, the appraiser emphasized this DRI order and the presence of the water quality monitoring devices in support of his decision that mining was the primary use of the land. Yet, he acknowledged that mining operations could not have been conducted on the leased land in 1984.
Land used primarily for bona fide commercial agricultural purposes must be classified agricultural. § 193.461(3)(b), Florida Statutes (1983); Roden v. K & K Land Management, Inc., 368 So.2d 588 (Fla. 1978); Straughn v. Tuck, 354 So.2d 368 (Fla. 1977). Here, the lessee's use of the 1,840 acres for grazing cattle clearly qualified this land for an agricultural classification. See also Daniel v. American Cyanamid Co., 480 So.2d 678 (Fla. 2d DCA *42 1985); Fisher v. Schooley, 371 So.2d 496 (Fla. 2d DCA 1979). Moreover, Ridgewood's intention to use the leased land for mining and its preparatory activities for that future use were insufficient to deny agricultural classification. Atlantic Richfield Co. v. Walden, 277 So.2d 815 (Fla. 2d DCA), cert. denied, 284 So.2d 217 (Fla. 1973). See also The Glades, Inc. v. Colding, 422 So.2d 349 (Fla. 2d DCA 1982); Fisher.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
SCHOONOVER and SANDERLIN, JJ., concur.