FRANK, Judge.
Beker Maritime Company and Beker Phosphate Company (Beker), two interrelated entities engaged in the mining of phosphate in Manatee County, have appealed from the trial court’s amended final judgment which, in part, sustained the property appraiser’s assessment of real and personal property. The property appraiser has cross-appealed from the trial court’s determination that Beker’s property situated north and west of the Manatee River is entitled to an agricultural exemption. Although Beker and the property appraiser assert several grounds in support of their respective positions urging that we reverse the trial court’s ultimate disposition of this matter, our consideration of each such contention has led us to conclude that merit exists only in Beker’s challenge to the reclassification of certain land from an agricultural to a nonexempt status.
Pursuant to an application filed in 1974, Beker was issued a “Development of Regional Impact” (DRI) order in January of 1975, pursuant to Chapter 380, Florida Statutes, approving the conduct of phosphate mining operations in Manatee County. The DRI order encompassed approximately 10,588 acres which for the years 1975 to 1981 had been granted an agricultural exemption from ad valorem taxation in accordance with section 193.461, Florida Statutes. In 1982, Beker filed applications seeking to have 9,531 acres classified within the agricultural exemption. The property appraiser reviewed the applications, which he thereafter denied for the following reasons: they were not in proper *495 form; all of the land was claimed as pasture; income information was not furnished; approximately one-half of the applications were not accompanied by leases; and some applications indicated only that leases were contemplated. Based upon that data and the fact that monitoring wells and other devices were located throughout the areas adjacent to the mine site, the property appraiser determined that the primary use of the land was to serve Beker’s mining activity. Beker, of course, claimed that only 1,057 acres were devoted to mining for the reason that only that number could be mined in a five year period.
Based upon our analysis of the record, the error we find in the trial court’s resolution of this matter is confined to its conclusion “that it is reasonable to classify the 5,000 acre buffer areas surrounding a mining site as primarily devoted to mining.” It was the trial court’s view that “[ajccess roads, monitoring devices and other considerations require this” result. We disagree in the face of the evidence indicating that the so-called “buffer areas” were being used only for the incidental mining purpose of monitoring but the primary activity of commercial agriculture pursuant to leases. Consistent with section 193.461(3)(b), Florida Statutes (1983), “[l]and used primarily for bona fide commercial agricultural purposes must be classified agricultural.” Ridgewood Phosphate Corporation v. Perkins, 487 So.2d 40 (Fla. 2d DCA 1986).
We affirm the trial court’s amended final judgment in all respects except for that portion which denies an agricultural exemption to the acreage lying within the “buffer areas” and remand for further proceedings consistent with this opinion.
DANAHY, C.J., and RYDER, J., concur.