Mr. J. Ben Harrill County Attorney Pasco County 7530 Little Road New Port Richey, Florida 33553
Dear Mr. Harrill:
This is in response to your request for an opinion on substantially the following question:
 WHO IS THE PROPER ENFORCEMENT AUTHORITY RESPONSIBLE FOR ENFORCING WEIGHT AND LOAD LIMITATIONS ON COUNTY BRIDGES?
The Florida Uniform Traffic Control Law, Ch. 316, F.S., was enacted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities." Section 316.002, F.S. In the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, F.S., the Legislature, recognizing that the movement of traffic was controlled by a "hodgepodge of ordinances which vary as to language and penalty" and which had caused an inconvenience and hazard to travelers, consolidated the existing state traffic laws contained in Ch. 317, F.S. 1969, the traffic ordinances contained in Ch. 186, F.S. 1969, and the suggested laws and ordinances contained in the Uniform Vehicle Code and the Model Traffic Ordinances into one uniform law applicable throughout the state and to all its municipalities and political subdivisions. In order to ensure that the provisions of Ch. 316, F.S., are given uniform application throughout the state, s. 316.002, F.S., provides that "(i)t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter." See also, s. 316.007, F.S. (providing that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized.").
Section 316.008, F.S. (1986 Supp.), enumerates the matters with respect to streets and highways under the jurisdiction of local authorities over which they may enact reasonable regulations. See, s. 316.003(20), F.S., which defines "local authorities" to include "all officers and public officials of the several counties and municipalities of this state." (e.s.) The establishment or regulation of weight and load limitations are not among such enumerated matters. Other provisions of the uniform traffic control law specifically regulate weight and load requirements on the highways of this state. Section 316.535, F.S., establishes the maximum weights permitted on an "axle load" basis. Section316.545, F.S. (1986 Supp.), in pertinent part, authorizes weight and safety officers of the Department of Transportation to enforce these weight and load limits, sets a specific fine for such overload violations, and creates an administrative review process. Counties, however, are specifically empowered to prescribe load and weight limits on county roads and bridges which are lower than those set by s. 316.535 upon giving proper notice. Section316.555, F.S., provides:
 Weight, load, speed limits may be lowered; condition precedent. — Anything in this chapter to the contrary notwithstanding, the Department of Transportation with respect to state roads, and local authorities with respect to highways under their jurisdiction, may prescribe, by notice hereinafter provided for, loads and weights and speed limits lower than the limits prescribed in this chapter and other laws, whenever in its or their judgment any road or part thereof or any bridge or culvert shall, by reason of its design, deterioration, rain, or other climatic or natural causes be liable to be damaged or destroyed by motor vehicles, trailers, or semitrailers, if the gross weight or speed limit thereof shall exceed the limits prescribed in said notice. The Department of Transportation or local authority may, by like notice, regulate or prohibit, in whole or in part, the operation of any specified class or size of motor vehicles, trailers, or semitrailers on any highways or specified parts thereof under its or their jurisdiction, whenever in its or their judgment, such regulation or prohibition is necessary to provide for the public safety and convenience on the highways, or parts thereof, by reason of traffic density, intensive use thereof by the traveling public, or other reasons of public safety and convenience. The notice or the substance thereof shall be posted at conspicuous places at terminals of all intermediate crossroads and road junctions with the section of highway to which the notice shall apply. After any such notice has been posted, the operation of any motor vehicle or combination contrary to its provisions shall constitute a violation of this chapter. However, no limitation shall be established by any county, municipal, or other local authorities pursuant to the provisions of this section that would interfere with or interrupt traffic as authorized hereunder over state roads, including officially established detours for such highways, including cases where such traffic passes over roads, streets or thoroughfares within the sole jurisdiction of the county, municipal or other local authorities unless such limitations and further restrictions have first been approved by the Department of Transportation. With respect to county roads, except such as are in use as state road detours, the respective county road authorities shall have full power and authority to further limit the weights of vehicles upon bridges and culverts upon such public notice as they deem sufficient, and existing laws applicable thereto shall not be affected by the terms of this chapter. (e.s.)
Cf., s. 316.550 authorizing local authorities with respect to highways under their jurisdiction to, in their discretion and upon application and good cause shown therefor that the same is not contrary to the public interest, issue a special permit which authorizes the applicant to operate or move a vehicle or combination of vehicles of a size or weight of vehicle or load exceeding the maximum specified in Ch. 316. Your question as to the proper authority responsible for enforcing such weight and load limitations presents two issues: Whether s. 316.545, F.S. (1986 Supp.) preempts to state weight and safety officers of the Department of Transportation the enforcement of the load requirements of s. 316.535, F.S.; and secondly, whether a county is authorized to adopt an ordinance prescribing weight and load requirements that may be enforced by the county's code enforcement board pursuant to Ch. 162, F.S. While s. 316.545, F.S. (1986 Supp.), vests in the weight and safety officers of the Department of Transportation the authority to enforce the provisions of s.316.535, it does not appear that the statute exclusively preempts such enforcement authority to the state. Subsection (3) of s.316.006, F.S., in part provides that "[c]ounties shall have original jurisdiction over all streets and highways located within their boundaries, except all state roads and those streets and highways specified in subsection (2)," which pertains to roadways located within the boundaries of chartered municipalities. As set forth above, s. 316.555 grants the counties the power to further limit weights of vehicles upon bridges on county roads, except such as are in use as state road detours, upon public notice. Pertaining specifically to enforcement authority, s.316.640(2)(a), F.S., provides that "[t]he sheriff's office of each of the several counties of this state shall enforce all of the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the county wherever the public has the right to travel by motor vehicle." See also, s. 316.650, F.S. (1986 Supp.), establishing a uniform traffic citation system and setting forth requirements for every law enforcement officer issuing traffic citations for violations of any provision of the motor vehicle laws. And see, s. 316.655(4), F.S., stating that any person convicted of a violation of, inter alia, s. 316.545(1) shall be punished as specifically provided in that section.
Chapter 318, F.S., pertaining to the disposition of traffic infractions, generally decriminalizes most of the non-serious traffic offenses in Ch. 316, F.S., and establishes penalties and procedures for their disposition. Section 318.14, F.S. (1986 Supp.), vests jurisdiction in the appropriate traffic court for persons charged with a traffic offense who seek judicial review, rather than paying the established fine. Section 318.18, F.S. (1986 Supp.), sets the amount of civil penalties for disposition of noncriminal traffic offenses; providing in subsection (5): "The penalty imposed under s. 316.545 shall be determined by the officer in accordance with the provisions of ss. 316.535 and316.545." Section 318.13(5), F.S., in part, defines "officer" to mean "any law enforcement officer charged with and acting under his authority to arrest persons suspected of, or known to be, violating statutes or ordinances regulating traffic or the operation or equipment of vehicles."
Statutes dealing with the same subject matter must be construed in pari materia and should be read in harmony with any other statutes relating to the same or similar subject. Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974); Markham v. Blount,175 So.2d 526 (Fla. 1965); State ex rel. McClure v. Sullivan,43 So.2d 438 (Fla. 1949). Accordingly, while s. 316.545, F.S., vests in weight and safety officers of the Department of Transportation the authority to enforce the provisions of that statute, such enforcement authority does not appear to be exclusive. Local law enforcement officers are given the authority to enforce the traffic laws of the state (s. 316.640), to issue traffic citations for violations of any provision of the motor vehicle laws of the state (s. 316.650), and even more specifically, to determine the penalty under s. 316.545, in accordance with provisions of ss.316.535 and 316.545 (s. 318.18). Therefore, I am of the opinion that local law enforcement officers are vested with the authority to enforce the provisions of s. 316.545, F.S. (1986 Supp.).
The remaining issue presented is whether the local code enforcement board may enforce the provisions of an ordinance establishing weight and load requirements as authorized by s.316.555. Chapter 162, F.S., as amended, known as the "Local Government Code Enforcement Boards Act," authorizes counties and municipalities, at their option, to create administrative boards for the purpose of providing "an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances in force in counties and municipalities. . . ." Sections162.02 and 162.03, F.S. (1986 Supp.). Such technical codes include, but are not limited to "occupational license, fire, building, zoning, and sign codes."
This office has been of the consistent view that local governments derive no delegated authority from Ch. 162, F.S., to enforce their codes and ordinances in any manner except as provided therein. See generally, AGO's 86-10, 85-84, 85-33, 85-27, 85-17, and 84-55, stating that municipalities derive no home rule power from the state constitution or statutes to impose any duties or requirements on their code enforcement boards or to otherwise regulate the statutorily prescribed enforcement procedure. This position is premised upon the requirements contained in s. 18, Art. I, State Const., which provides: "No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." And see, s. 1, Art. V, State Const., providing that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices. In AGO 85-84, this office noted that the phrase "except as provided by law" used in s. 18, Art. I, refers to an enactment of the Legislature and does not include ordinances of a local government. See also, Grapeland Heights Civic Association v. City of Miami,267 So.2d 321 (Fla. 1972); Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A.Fla., 1982).
While the county may possess the authority to adopt an ordinance lowering the weight and load limits on county bridges, as authorized by s. 316.555, it does not appear that the Code Enforcement Board may be used to enforce the provisions of such an ordinance. A violation of such an ordinance occurs upon when an overloaded vehicle crosses over a county bridge, and the procedures set forth in Ch. 162, F.S., do not appear to be directed towards remedying, or imposing administrative fines on, a traffic infraction. Section 162.02, F.S. (1986 Supp.), provides that the legislative intent of the Local Government Code Enforcement Boards Act is
 to promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist, including, but not limited to, occupational license, fire, building, zoning, and sign codes. (e.s.)
The enforcement procedures prescribed in s. 162.02(2), F.S. (1986 Supp.), requires the code inspector to notify a violator and give him a reasonable time to correct the violation. "Should the violation continue beyond the time specified for correction, the code inspector shall notify an enforcement board and request a hearing." Section 162.06(2), F.S. (1986 Supp.). "If the violation is corrected and then recurs, the case shall be presented to the enforcement board even if the violation has been corrected prior to the board hearing. . . ." (e.s.) Id. And see, s. 162.07(4), F.S. (1986 Supp.), which provides that at the conclusion of the hearing the enforcement board shall issue an order affording the proper relief consistent with powers granted by the act: "The order may include a notice that it must be complied with by a specified date and that a fine may be imposed if the order is not complied with by said date." (e.s.) Thus, the types of code violations to be corrected and, if necessary, the administrative fines to be imposed do not appear to be directed towards penalizing a single occurrence of a violation of a local ordinance lowering the load limits as authorized in s. 316.555. A violation of the ordinance occurs when an overloaded vehicle crosses the bridge in question. The violation occurs at a certain point in time — when the vehicle crosses the bridge. Such violation is not in the nature of a continuing violation as contemplated by Ch. 162, F.S. Further, the only provision of Ch. 162, F.S., which authorizes a local government code enforcement board to order and enforce a penalty is s. 162.09, F.S. (1986 Supp.), which, in pertinent part, provides:
 An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated, and a hearing shall not be necessary for issuance of the order. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator; and it may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but shall not be deemed to be a court judgment except for enforcement purposes. After 6 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. (e.s.)
Therefore, it would appear that a Code Enforcement Board does not have the authority to enforce the provisions of any ordinance lowering the load and weight limits on county bridges. Moreover, other provisions of the State Uniform Traffic Control Law and the Uniform Disposition of Traffic Infractions Act specifically prescribe the agency of local government vested with the authority to enforce the traffic laws and the procedures for disposition of traffic infractions. See, ss. 316.640(2), 318.13(5), and318.18(5), F.S., vesting the sheriff's office with the authority and duty and responsibility to enforce the state's traffic laws throughout the county wherever the public has the right to travel by motor vehicle, and to determine the penalty under s. 316.545, F.S. And see, s. 318.141(1), F.S., which provides:
 Any sheriff's department or police department of a chartered municipality may employ, as a traffic infraction enforcement officer, any individual who successfully completes at least 200 hours of instruction in traffic enforcement procedures and court presentation through the Selective Traffic Enforcement Program as approved by the Division of Criminal Justice Standards and Training of the Department of Law Enforcement, or through a similar program, but who does not necessarily otherwise meet the uniform minimum standards established by the Criminal Justice Standards and Training Commission for law enforcement officers or auxiliary law enforcement officers under s. 943.13. Any such traffic infraction enforcement officer who observes the commission of a traffic infraction or, in the case of a parking infraction, who observes an illegally parked vehicle may issue a traffic citation for such infraction when, based upon personal investigation, he has reasonable and probable grounds to believe that an offense has been committed which constitutes a noncriminal traffic infraction as defined in s. 318.14.
The statutory rule of construction, expressio unius est exclusio alterius, the express mention of one thing necessarily implies the exclusion of all other things not mentioned, is applicable to this situation. Thus, the Legislature has specifically vested the sheriff's office with the authority to enforce the provisions of the traffic code in the county including s. 316.535 and s.316.545, with the sheriff being empowered to employ a traffic infraction enforcement officer. See generally, Thayer v. State,335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952), Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
In conclusion, I am therefore of the opinion that the sheriff's office is the local law enforcement agency vested with the power to enforce on county bridges the provisions of s. 316.545, F.S. (1986 Supp.), or a county ordinance lowering the load limits as authorized by s. 316.545, F.S., where applicable; the county code enforcement board has no authority to enforce the weight and load requirements of a county ordinance lowering the load limits as authorized by s. 316.555, F.S.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General