515 So.2d 1322 (1987)
Moises GABRIEL, Appellant,
v.
TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, Appellee.
No. 86-956.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Michael A. Lipsky, Jerold Feuer, Miami, for appellant.
James O. Nelson and David L. Willing, Miami, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
*1323 BASKIN, Judge.
Moises Gabriel seeks reversal of a final judgment entered upon stipulated facts, effectively precluding him from obtaining uninsured motorist benefits from his insurer, Travelers Indemnity Company [Travelers]. Agreeing that Gabriel is a beneficiary of the City of Miami's self-insurance program and, therefore, is not entitled to receive uninsured motorist benefits, we affirm.
In 1980, Gabriel sustained injuries in an automobile accident involving a vehicle owned by the City of Miami [City]. Although the City did not carry automobile liability insurance, the City maintained a Self-Insurance Program. The City did not have a certificate of self-insurance from the Department of Insurance. Claiming that the City was uninsured, Gabriel sought to recover uninsured motorist benefits from Travelers under his policy. He instituted an action for declaratory judgment and requested the court to compel arbitration. Following the trial court's entry of summary judgment in favor of Travelers, Gabriel filed this appeal.
Relying on Johns v. Liberty Mutual Fire Insurance Co., 337 So.2d 830 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 949 (Fla. 1977), Gabriel contends that the City's failure to prove financial responsibility in the manner described by section 324.031, Florida Statutes (1979),[1] renders the City uninsured and entitles him to obtain uninsured motorist benefits from his insurer. Travelers responds that the legislature effectively overruled Johns when it amended section 768.28, Florida Statutes (1977), to permit municipalities to become self-insured, Ch. 77-86, Laws of Fla., and thus, the City is not uninsured.
Section 768.28(13), Florida Statutes (1979),[2] authorizes municipalities to obtain any of four types of tort liability coverage: (a) self-insurance, (b) risk management program, (c) liability insurance, or (d) any combination of the stated methods. The City chose to be self-insured and maintains coverage through its Risk Management Department. Thus, under section 768.28(13), the City qualifies as a self-insurer against tort liability.
Gabriel argues that the City's failure to obtain the certificate described in sections 324.031 and 324.171, Florida Statutes (1979),[3] left it uninsured and entitles him to recover uninsured motorist benefits. We disagree. Our primary reason for recognizing the City's status as self-insured is the public purpose behind the uninsured *1324 motorist statute. The supreme court has consistently held that "[t]he purpose of the uninsured motorist statute is to protect persons who are injured or damaged by other motorists who in turn are not insured and cannot make whole the injured party." Brown v. Progressive Mut. Ins. Co., 249 So.2d 429, 430 (Fla. 1971); see also Salas v. Liberty Mut. Fire Ins. Co., 272 So.2d 1 (Fla. 1972); Mullis v. State Farm Mut. Automobile Ins. Co., 252 So.2d 229 (Fla. 1971). The test for determining an injured party's entitlement to uninsured motorist's benefits is "whether the offending motorist has insurance available for the protection of the injured party... ." Brown, 249 So.2d at 430. Here, the City has insurance through its trust fund and possesses the ability to make Gabriel whole.[4]
The stipulated record before us discloses that the City is financially responsible. It states:
6. The City of Miami Risk Management Department administers the City of Miami Self-Insurance Program by which the City defines itself as "self-insured" for claims against the City. The City considers itself a self-insured municipal corporation provided by Article VI in the Finance Section of the City of Miami Code, Sections 1893-18104 entitled "Self Insurance and Insurance Trust Fund."
Based on the facts agreed to by the parties, the court reasonably concluded that the City has the ability to make Gabriel whole. We decline to elevate form over substance by holding that the absence of a certificate negates the agreed record.
Furthermore, we find that the City's failure to obtain a certificate is relevant only as a matter of proof of financial responsibility. The certificate is not the sole means of demonstrating self-insurance because section 324.031 does not supersede other statutorily authorized methods of proving financial responsibility. Section 324.031 should be considered in conjunction with section 768.28(13) in keeping with the accepted principle that courts should construe statutes governing the same general field as in harmony. Mann v. Goodyear Tire & Rubber Co., 300 So.2d 666 (Fla. 1974); Markham v. Blount, 175 So.2d 526 (Fla. 1965); Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986); City of Coral Gables v. Board of Pub. Instruction of Dade County, 313 So.2d 92 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla. 1976). The record affords ample proof that the City is self-insured pursuant to section 768.28(13), and consequently, Gabriel is not entitled to obtain uninsured motorist benefits. We note our express conflict with Johns insofar as it holds that a certificate of self-insurance is the sole proof of municipal financial responsibility.
For these reasons, we affirm the final judgment.
Affirmed.
NOTES
[1] Section 324.031, Florida Statutes (1979), provides:

Manner of proving financial responsibility.  The operator or owner of a vehicle may prove his financial responsibility by:
(1) Furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in s. 324.021(8) and s. 324.151, or
(2) Posting with the department a satisfactory bond of a surety company authorized to do business in this state, conditioned for payment of the amount specified in s. 324.021(7), or
(3) Furnishing a certificate of the department showing a deposit of cash or securities in accordance with s. 324.161, or
(4) Furnishing a certificate of self-insurance issued by the department in accordance with s. 324.171.
[2] Section 768.28(13), Florida Statutes (1979), provides:

(13) The state and its agencies and subdivisions are authorized to be self-insured, to enter into risk management programs, or to purchase liability insurance for whatever coverage they may choose, or to have any combination thereof, in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section.
[3] Section 324.171 Florida Statutes (1979), provides:

Self-insurer  Any person may qualify as a self-insurer by obtaining a certificate of self-insurance from the department which may, in its discretion, upon application of such a person, issue said certificate of self-insurance, when it is satisfied that such person is possessed of a net unencumbered capital of at least $40,000. The department may require annual reports from any self-insurer which reports must continue to show at least $40,000 unencumbered net worth. Whenever the department finds that any self-insurer does not possess $40,000 of unencumbered net worth it shall revoke the certificate of self-insurance.
[4] In fact, the parties stipulated that the City paid Gabriel's claim for property damage.