667 So.2d 802 (1995)
AMICA MUTUAL INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Edward Winder AMATO, Appellee.
No. 94-1578.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Rehearing and Rehearing Denied February 27, 1996.
Roy D. Wasson, Miami, Eric S. Kleinman and James J. McNally of McNally & Walker, Coral Gables, for appellant.
Jeffrey J. Walker of Law Offices of Walker & Dennis, P.A., Fort Lauderdale, and Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellee.
Rehearing and Rehearing En Banc Denied February 27, 1996.

ON MOTION FOR REHEARING
GRIFFIN, JACQUELINE R., Associate Judge.
We withdraw the previous opinion and substitute the following corrected opinion:
Amica Mutual Insurance Company (Amica) appeals a summary final judgment rendered in favor of its insured, Edward Amato (Amato), on the issue of entitlement to uninsured motorist's coverage.
On December 18, 1990, Edward Amato was involved in an automobile accident with a truck owned by the City of Fort Lauderdale (the city) and operated by one of its employees. At the time of the accident, Amato was insured under an automobile insurance policy issued by Amica, which provided uninsured motorist (UM) coverage to Amato in the amount of $500,000.
Amato entered into a settlement[1] with the city, with Amica's consent, and asserted a UM claim against Amica. Amica denied the claim on the ground that the city's vehicle was not an "uninsured motor vehicle" and sought a declaratory judgment to that effect in the lower court. Specifically, Amica's position was that the city was a self-insurer under section 768.28(15)(a),[2] Florida Statutes (1993), and as such, any vehicle owned or operated by the city was not an "uninsured motor vehicle" under the policy. Amica's *803 policy provides that the term "uninsured motor vehicle" does not include any "vehicle or equipment ... owned or operated by a self-insurer...."
The lower court rendered judgment in favor of Amato, ruling that he was entitled to UM benefits from Amica for the December 1990 accident. We reverse.
The above-quoted policy provision, excluding the vehicles of a self-insurer from the definition of "uninsured motor vehicle" is clear. Amato urges, however, citing Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971), that a policy provision that thus limits UM coverage is impermissible under Florida law because insurers may not reduce statutorily prescribed UM coverage through the use of policy exclusions and exceptions. Although we agree with the legal principle on which Amato relies,[3] we are unable to agree that the policy provision in issue does any more than correctly state the law and inform the insured of its limitations. By statute, the city is entitled to be self-insured. "Self-insured" is different from "uninsured." Uninsured is when the tort-feasor's liability insurer has provided limits of bodily injury liability for its insured which are less than the total damages sustained. A self-insured entity is statutorily permitted to retain the risk of liabilitya risk that is theoretically infinite. Although decided in a context slightly different from the one at hand, the other Florida courts that have had occasion to consider the issue of the effect of self-insurance on UM coverage have concluded that self-insured vehicles are not "uninsured." Gabriel v. Travelers Indemnity Co., 515 So.2d 1322 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 878 (Fla.1988); Centennial Ins. Co. v. Wallace, 330 So.2d 815 (Fla. 3d DCA), cert. denied, 341 So.2d 1087 (Fla.1976).
Amato contends, alternatively, that, even if self-insured entities are not "uninsured" where the entity stands fully able to respond to any judgment (such as in Centennial, where the self-insured entity was Florida Power & Light), a municipality is effectively "uninsured" or "underinsured" because of the statutory cap on damages allowable under the waiver of sovereign immunity statute. § 768.28(5), Fla.Stat. (1993). Amato relies for this proposition primarily on language found in Gabriel where the court spoke of the self-insured entity being able to make the victim "whole." Gabriel, 515 So.2d at 1324. The sovereign immunity of the tort-feasor, with the limitations and procedural complications attendant to its limited waiver, does not create an "uninsured" status, however.
Because we conclude that the city of Fort Lauderdale was not, in fact, "uninsured" for purposes of recovery of uninsured motorist benefits by a victim of the city's negligence, we reverse the judgment rendered by the lower court and remand with instructions for the court to enter judgment in favor of Amica.
Reversed and remanded.
GLICKSTEIN and SHAHOOD, JJ., concur.
NOTES
[1] The amount of the settlement was $90,000.00.
[2] Section 768.28(15)(a) reads, in pertinent part: [t]he state and its agencies and subdivisions are authorized to be self-insured ... in anticipation of any claim, judgment, and claims bill which they may be liable to pay pursuant to this section.
[3] We recognize, of course, the provisions of section 627.727(9), Florida Statutes (1993).