700 So.2d 118 (1997)
Jorge COMESANAS and Harriet Comesanas, his wife, Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellee.
No. 96-02656.
District Court of Appeal of Florida, Second District.
October 8, 1997.
Mark G. Morgan, M.D. of Law Offices of Rood & Morgan, Tampa, for Appellants.
Daniel F. Pilka of Sawyer & Pilka, P.A., Brandon, for Appellee.
FRANK, Acting Chief Judge.
Jorge Comesanas and Harriet Comesanas appeal from the summary judgment which determined that their uninsured motorist carrier, Auto-Owners Insurance Company *119 (Auto-Owners), was not liable for damages resulting from an accident with a bus owned by Hartline, a self-insured public carrier. We affirm because the Comesanas' uninsured motorist policy specifically excludes from coverage vehicles owned and operated by a self-insurer.
On November 27, 1991, Mr. Comesanas was involved in an automobile accident with a bus owned by Hartline and operated by its employee. Hartline, a public transportation system serving Hillsborough County, is self-insured as a subdivision of a municipality pursuant to section 768.28(15)(a), Florida Statutes (1993). The Comesanas sued Hartline on a theory of negligence and sued Auto-Owners for uninsured motorist coverage. Auto-Owners moved for summary judgment, claiming that the Hartline bus was not an "uninsured motor vehicle" because of Hartline's status as a self-insured subdivision of a municipality.
The coverage portion of the Auto-Owners policy defines an "uninsured motor vehicle" as follows: "[a]n `uninsured motor vehicle' does not include any vehicle ... (2) owned or operated by a self-insurer under any applicable motor vehicle law, (3) owned by any governmental unit or agency."
The trial court entered final summary judgment in favor of Auto-Owners, relying upon Amica Mutual Ins. Co. v. Amato, 667 So.2d 802 (Fla. 4th DCA 1995), review denied, 676 So.2d 1368 (Fla.1996). We agree with the Fourth District's holding in Amica and conclude that the relevant policy provision and Hartline's status as a self-insurer are indistinguishable from the relevant elements deemed controlling in Amica. Accordingly, we affirm.
Affirmed.
PATTERSON and FULMER, JJ., concur.